39 F.3d 1181
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re FIRST OHIO SECURITIES COMPANY, Debtor.
PLUMBERS AND STEAMFITTERS LOCAL 490 SEVERANCE AND RETIREMENT
FUND, et al., Plaintiffs-Appellants,
and
International Union of Bricklayers and Allied Craftsmen
Local No. 55 Health and Welfare Fund, Plaintiff,
v.
William APPLETON, Trustee for Liquidation of the First Ohio
Securities Company, et al., Defendants-Appellees.
 No. 93-3313.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1994.
 
 Before: MARTIN, NORRIS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal stems from a liquidation action brought under the auspices of the Security Investor Protection Act of 1970 (SIPA), as amended in 1978, 15 U.S.C. Secs. 78 aaa et seq. The two issues before us concern the proper characterization of certain claims filed in the proceedings and the status of some of the parties who seek recovery of their losses. We find no error in the district court's ruling on these two issues and affirm.
 
 
 2
 The plaintiffs are trustees of the two union pension funds involved in this litigation, the funds' participants, and two named individual investors. Based on an agreement with a securities broker-dealer named Thomas Gilmartin, they thought they had purchased, collectively, over $3 million worth of "pooled certificates of deposit" offered by First Ohio Securities Company. But, because of fraudulent activities carried on by Gilmartin--the founder, chairman, and sole common stockholder of First Ohio Securities--the certificates were never actually purchased. Instead, Gilmartin co-mingled the plaintiffs' funds with his own personal assets. He then sent bogus purchase-confirmation notices and fictitious account statements to the various investors to cover his tracks.
 
 
 3
 When the Security Investor Protection Corporation initiated liquidation proceedings against First Ohio and the case was removed to bankruptcy court, the plaintiffs filed simultaneous claims with the trustee for approximately $3 million in securities and for the same amount in cash. The trustee determined that the securities in which the plaintiffs believed they had invested never existed and, therefore, treated their claims as ones for cash, rather than for securities. The trustee also determined that the fund participants were not individual "customers" within the meaning of SIPA and wholly denied their claims. The bankruptcy court ruled in accordance with the trustee's determination on both these issues, over objections by the plaintiffs, and the district court affirmed.
 
 
 4
 The distinction between a claim for securities and a claim for cash is significant, because under SIPA, recovery for cash loss is limited to $100,000, while protection for loss of securities increases to a maximum of $500,000. 15 U.S.C. Sec. 78 fff-3(a). Unfortunately for the plaintiffs here, the record fully supports the finding by the trustee and by both the bankruptcy and district courts that the "pooled certificates of deposit" which were the subject of the agreement between the plaintiffs and the broker-dealer not only were not purchased by Gilmartin but, indeed, never even existed. Given this fact, the only legal conclusion possible is that the claims against First Ohio were ones "for cash" and not "for securities." As the district judge noted, SIPA is intended to protect investors against a broker-dealer's insolvency; it is not designed to achieve restitution for fraud. We find no error in the district court's ruling on this issue.
 
 
 5
 The district court was equally correct in determining that the pension fund participants were not individual "customers," as that term is defined by 15 U.S.C. Sec. 78 III(2). See SIPC v. Morgan, Kennedy & Co., 533 F.2d 1314, 1317-21 (2d Cir.1976). Moreover, the plaintiffs' argument that Morgan, Kennedy is inapplicable because of subsequent amendments to SIPA is, simply, not persuasive.
 
 
 6
 For the reasons given in the district court's order in this case, we AFFIRM the judgment entered by that court.